IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

D'ARIUS AKIM JACKSON,

    Petitioner

    v.

FEDERAL BUREAU OF PRISONS,

    Respondent.

Case No. 3:24-cv-01216-YY

FINDINGS AND RECOMMENDATIONS

YOU, Magistrate Judge.

## FINDINGS

Petitioner, an adult in custody at FCI Sheridan, brings this 28 U.S.C. § 2241 habeas corpus action challenging the application of First Step Act ("FSA") earned time credits by the Bureau of Prisons ("BOP"). For the reasons that follow, the Petition for Writ of Habeas Corpus should be DENIED.

**I.    Background**

Petitioner was convicted of bank fraud, 18 U.S.C. § 1344, in the Western District of Washington and sentenced to 36 months of imprisonment and a 3-year term of supervision release. Trinidad Decl. ¶ 4, Ex. 1, ECF 15. At the time Petitioner was convicted and sentenced, he was detained at FDC Seatac, and he initially filed his Petition for Writ of Habeas Corpus in the Western District of Washington. Upon determining that Petitioner was no longer at FDC

Seatac and was housed instead at FCI Sheridan, Judge Brian A. Tsuchida ordered the case transferred to this court.[1]

In his Petition, Petitioner seeks application of FSA time credits for the period between his sentencing and his arrival at his designated facility, FCI Sheridan. Respondent argues the habeas petition should be dismissed for failure to exhaust available administrative remedies and because Petitioner has not demonstrated any constitutional violation. Petitioner was given the opportunity to file a brief in support of his Petition, but did not do so.

**I.   Exhaustion of Remedies**

Petitioner concedes in his petition that he did not exhaust his available administrative remedies prior to filing his habeas petition, but alleges that exhaustion should be excused as futile. Generally, "[i]n order to seek habeas relief under section 2241 . . . a petitioner must first, 'as a prudential matter,' exhaust . . . available administrative remedies." *Singh v. Napolitano*, 649 F.3d 899, 900 (9th Cir. 2011). However, exhaustion is not a jurisdictional requirement under § 2241. *See Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). If the pursuit of administrative remedies "would be a futile gesture," courts have discretion to waive the exhaustion requirement. *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004).

Here, Petitioner alleges that a BOP regulation, 28 C.F.R. § 523.42, conflicts with Congress's mandate to the BOP under the FSA. Because the BOP's alleged miscalculation of Petitioner's credits stems from an application of its own regulation, requiring Petitioner to pursue

---

[1] Petitioner was recently released from BOP custody upon completion of his term of imprisonment. *See* bop.gov/inmateloc/ (last accessed January 22, 2026). Because Petitioner is currently serving a term of supervised release, however, his § 2241 habeas petition remains properly before the Court. *See Gonzalez v. Herrera*, 151 F.4th 1076 (9th Cir. 2025) (concluding that mandatory time credits earned under the First Step Act can be applied toward reducing a term of supervised release).

administrative remedies is unlikely to yield a different result, rendering it futile. Accordingly, exhaustion is appropriately waived under these circumstances. *See Cano v. Birkholtz*, Case No. 3:23-cv-01761-JE, 2025 WL 1808983, at *1 (D. Or. July 1, 2025) (finding exhaustion would be futile in case challenging application of 28 C.F.R. § 523.42 and waiving the exhaustion requirement as "appropriate in this case").

## II.     Relief on the Merits

The FSA, which Congress enacted on December 21, 2018, incentivizes prisoners whom BOP has identified as minimum or low risk to complete evidence-based recidivism reduction programs in exchange for earned time credits they can utilize to accelerate their release from prison. The statute states that an adult in custody "who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits" according to the statute's guidelines. 18 U.S.C. § 3632(d)(4)(A). The statute provides that an adult in custody "may not" earn time credits under this provision for any evidence-based recidivism reduction programming that the prisoner "successfully completed during official detention prior to the date that the prisoner's sentence commences under [18 U.S.C. §] 3585(a)." 18 U.S.C. § 3632(d)(4)(B)(ii).

Section 3585(a) states that "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). According to that statute, a sentence begins as early as the date that a defendant is taken into BOP custody, even if the defendant has not yet arrived at the facility where the defendant will ultimately serve the sentence. In 2023, the BOP promulgated 28 C.F.R. § 523.42, a regulation to implement the FSA time credits provision. Under § 523.42(a),

3 – FINDINGS AND RECOMMENDATIONS

"[a]n eligible inmate begins earning FSA Time Credits after the inmate's term of imprisonment commences (the date the inmate arrives or voluntarily surrenders at the designated [BOP] facility where the sentence will be served.)" Thus, the statute and the regulation define when a sentence "commences" differently.

Petitioner asserts that the BOP should have applied the definition of "commences" under the statute, § 3585(a), and allowed him to earn and apply FSA time credits from the time he was sentenced and in BOP custody, rather than apply the definition of "commences" under the regulation, § 523.42(a), and calculate time credits upon his arrival at his designated facility, FCI Sheridan. Respondent argues that in promulgating § 523.42(a), the BOP acted within its statutory authority to decide when a prisoner is eligible to earn FSA time credits.

Numerous district courts have addressed this tension between the FSA and the BOP's regulations pertaining to when prisoners can begin earning FSA time credits, although to date no circuit court has yet issued an opinion on this issue. Several district courts, including many within the Ninth Circuit, have held that the BOP may lawfully preclude prisoners from earning time credits between their sentencing and arrival at their designated facility. *See, e.g.*, *Cano*, 2025 WL 1808983, at *2–3; *Shemtov v. Birkholz*, Case No. 2:24-cv-10630-SRM-JC, 2025 WL 1490543, at *5 (C.D. Cal. Mar. 13, 2025), *report and recommendation adopted*, 2025 WL 1489545 (C.D. Cal. May 22, 2025); *Williamson v. Warden, FPC Alderson*, Case No. 1:24-cv-00348, 2025 WL 2639884, at *7 (S.D.W. Va. July 25, 2025), *report and recommendation adopted*, 2025 WL 2640398 (S.D.W. Va. Sept. 12, 2025); *Dunlap v. Warden FMC Devens*, Case No. 24-cv-11462-RGS, 2024 WL 5285006, at *7 (D. Mass. Dec. 13, 2024), *report and recommendation adopted*, 2025 WL 35248 (D. Mass. Jan. 6, 2025); *Stinson v. Martinez*, Case No. 2:23-cv-0751, 2024 WL 4969169, at *7 (W.D. La. Nov. 12, 2024), *report and*

4 – FINDINGS AND RECOMMENDATIONS

*recommendation adopted as modified*, 2024 WL 4965618 (W.D. La. Dec. 3, 2024); *see also Stevens v. Jacquez*, Case No. 3:23-cv-01482-AA, 2024 WL 3200546, at *4–5 (D. Or. June 25, 2024) (holding that although § 523.52(a) conflicts with the FSA, petitioner was not entitled to habeas relief because he failed to show that he had successfully participated in any programming between his sentencing and arrival at his designated facility that might entitle him to earned time credits).[2] The reasoning in these cases, which centers on BOP's interpretation of the FSA, is persuasive.

The court reviews BOP's interpretation of the FSA under the framework of *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024). Under *Loper*, "[c]ourts must exercise their independent judgment in deciding whether an agency has acted within its statutory authority" as required by the Administrative Procedure Act ("APA"). In conducting this inquiry, courts use "the traditional tools of statutory construction." *Id*. at 403. When a particular statute "delegates authority to an agency . . . , courts must respect the delegation, while ensuring that the agency acts within it." *Id*. "The court fulfills that role by recognizing constitutional delegations, 'fix[ing]

---

[2] Other district courts, including many within the Ninth Circuit, have rejected the BOP's use of § 523.42(a). *See, e.g., Modeste v. Birkholz*, --- F. Supp. 3d ---, 2025 WL 3141034 (D. Alaska, Nov. 10, 2025); *Patel v. Barron*, Case No. C23-937-KKE, 2023 WL 6311281, at *5 (W.D. Wash. Sept. 28, 2023); *Huihui v. Derr*, Case No. CV 22-00541 JAO-RT, 2023 WL 4086073, at *5 (D. Haw. June 20, 2023); *Jackson v. Doerer*, Case No. 5:24-01353-ADS, 2024 WL 4719489, at *10 (C.D. Cal. Nov. 7, 2024); *Sharma v. Peters*, 756 F. Supp. 3d 1271, 1282–84 (M.D. Ala. 2024); *Yufenyuy v. Warden, FCI Berlin*, 659 F. Supp. 3d 213, 218 (D.N.H. 2023); *Brenneman v. Salmonson*, Case No. 5:22-cv-7-RWS-JBB, 2025 WL 957216, at *7 (E.D. Tex. Feb. 25, 2025), *report and recommendation adopted*, 2025 WL 914352 (E.D. Tex. Mar. 26, 2025); *Gale v. Warden FCI Milan*, Case No. 24-13127, 2025 WL 223870, at *4 (E.D. Mich. Jan. 16, 2025); *Heath v. Knight*, Case No. CV 22-7270 (RMB), 2024 WL 5198863, at *5 (D.N.J. Dec. 23, 2024); *Kvashuk v. Warden, FCI Berlin*, Case No. 23-cv-007-SE, 2024 WL 4349850, at *3–5 (D.N.H. Sept. 30, 2024); *Pelullo v. FCC Coleman-Low*, Case No. 5:23-cv-189-WFJ-PRL, 2024 WL 3771691, at *3–6 (M.D. Fla. Aug. 13, 2024). These courts have generally viewed § 523.42(a) as creating an "additional exclusion" to a prisoner's eligibility to earned time credits that is not authorized by the FSA. *Patel*, 2023 WL 6311281 at *5.

5 – FINDINGS AND RECOMMENDATIONS

the boundaries of [the] delegated authority,' and ensuring the agency has engaged in 'reasoned decisionmaking' within those boundaries." *Id*. at 395 (quoting Henry P. Monahan, *Marbury and the Administrative State*, 83 Colum. L. Rev. 1, 27 (1983), and *Michigan v. EPA*, 576 U.S. 743, 750 (2015)).

The FSA requires the BOP to create an assessment system that evaluates the risk and needs of each prisoner, determines the recidivism risk for each prisoner, and classifies each prisoner as having a minimum, low, medium, or high risk of recidivism. 18 U.S.C. §§ 3631, 3632(a). To satisfy that requirement, the BOP developed its Prisoner Assessment Tool Targeting Estimated Risks and Needs ("PATTERN") scoring system. This is a process that necessarily takes place within the prison setting; it is not performed by a judge at sentencing. *See* 18 U.S.C. § 3632(a)(1) (the BOP will "determine the risk of recidivism of each prisoner as part of the intake process"). In addition, § 3632(a)(3) requires the BOP to "determine the type and amount of evidence-based recidivism reduction programming ["EBRR"] that is appropriate for each prisoner and assign each prisoner to such programming accordingly, and based on the prisoner's specific criminogenic needs." The BOP must "tailor the programs to the specific criminogenic needs of each prisoner so as to most effectively lower each prisoner's risk of recidivism." 18 U.S.C. § 3632(b)(2).

An eligible prisoner "who successfully completes [EBRR] programming or productive activities ["PAs"] is entitled to earn time credits as follows:

> (i)   A prisoner shall earn 10 days of time credits for every 30 days of successful participation in [EBRR] or [PAs].
>
> (ii)  A prisoner determined by the [BOP] to be at a minimum or low risk for recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation in EBRR programming or [PAs].

6 – FINDINGS AND RECOMMENDATIONS

18 U.S.C. § 3632(d)(4)(A).

Although the FSA does not define what it means to "successfully complete" EBRR programming or PAs or what constitutes "successful participation" in EBRR programming or PAs, "it is evident that the statute, read as a whole, contemplates participating in programming that the BOP has individually assigned to each inmate based on that inmate's risk and needs assessment." *Shemtov*, 2025 WL 1490543 at *5. Moreover, the FSA expressly delegates to the Attorney General and the BOP, respectively, the authority to develop and implement that system. 18 U.S.C. §§ 3621(h), 3631-33. As the court observed in another case, "[i]t make no sense to mandate a system for identifying and assigning appropriate EBRR programming (and to link [time credits] to the successful completion of such programming) if participation in other programming (of whatever description) could earn a prisoner [time credits] without regard to whether that programming is appropriate to that prisoner's needs." *Dunlap*, 2024 WL 5285006 at *7. Given that Congress delegated the BOP with the authority to develop and administer this system, and left undefined what constitutes "successful participation" in programming, the BOP reasonably acted within its authority in awarding FSA time credits to prisoners only for those periods after their initial individual risk and needs assessment, a function that occurs upon the prisoner's arrival at their BOP-designated facility. *See Sharma*, 756 F. Supp. 3d at 1284 (concluding that, under *Loper*, 28 C.F.R. § 523.41(c)(2) "appears to be a facially valid interpretation of 'successful participation' as used in 18 U.S.C. § 3232(d)(4)(A) since a primary purpose of the FSA in terms of recidivism programming is to reduce recidivism rates by providing inmate access to programming that focuses on reducing an offender's likelihood of reoffending"); *see also Dane v. Bayless*, Case No. 5:24-CV-157, 2024 WL 5150683, at *5 (N.D. W.Va. Nov. 20, 2024) ("[T]he BOP had not yet conducted an assessment to determine the type

7 – FINDINGS AND RECOMMENDATIONS

and amount of programming appropriate for petitioner until he arrived at his designated facility, and as such petitioner could not, in fact, successfully participate in programming" before that assessment).

Thus, notwithstanding the tension between the FSA's reference to when "a term of imprisonment commences" under 18 U.S.C. § 3585(a) and the definition in BOP regulation 28 U.S.C. § 523.42, this conflict does not automatically entitle a prisoner to an award of FSA time credits on the date the prisoner enters federal custody. *See, e.g., Dane*, 2024 WL 5150683 at *5 ("[T]he BOP had not yet conducted an assessment to determine the type and amount of programming appropriate for petitioner until he arrived at his designated facility, and as such petitioner could not, in fact, successfully participate in programming" before that assessment). Here, Petitioner makes no showing that he participated in approved EBRR or PA programming from the time of his conviction and sentence through his arrival at his designated facility, FCI Sheridan. But even if he had done so, he would not have been entitled to FSA time credits for that period. *See Dane*, 2024 WL 5150683 at *5 ("[A]lthough petitioner asserts that 'he was of good behavior, did not commit any disciplinary infractions, never refused to participate in any programs, and participated in productive activities available to him" before arrival at his designated facility, "the BOP had not yet conducted an assessment to determine the type and amount of programming appropriate for petitioner until he arrived at his designated facility, and as such petitioner could not, in fact, successfully participate in programming" and was "not entitled to FSA time credit for the period prior to arriving at his designated facility") (citation omitted). Accordingly, Petitioner is not entitled to habeas corpus relief.

## RECOMMENDATIONS

The Petition for Writ of Habeas Corpus should be DENIED and a judgment of dismissal

should be entered.

## SCHEDULING ORDER

These Findings and Recommendations will be referred to a district judge. Objections, if any, are due by February 23, 2026. If no objections are filed, then the Findings and Recommendation will go under advisement that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

## NOTICE

These Findings and Recommendations are not an order that is immediately appealable to the Ninth Circuit of Appeals. Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of a judgment.

DATED January 26, 2026.

                                                        /s/ Youlee Yim You
                                                  Youlee Yim You
                                                  United States Magistrate Judge